FILED
United States Court of Appeals
Tenth Circuit

June 16, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARTURO MARTINEZ-SIMENTAL,

Defendant-Appellant.

No. 10-2054
(D.C. No. 1:09-CR-01748-JAP-1)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **SEYMOUR**, and **EBEL**, Circuit Judges.

---

Mr. Arturo Martinez-Simental was convicted after a jury trial for illegal reentry. He appeals from the district court's denial of his motion for a mistrial. We affirm.

The underlying indictment accused Mr. Martinez-Simental of being a previously-deported alien who, on June 2, 2009, was found in Otero County, New Mexico, without having obtained permission of the Secretary for Homeland

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Security to apply for re-admission into the United States, in violation of 8 U.S.C. § 1326.

Before trial, the district court ruled that Mr. Martinez-Simental's criminal history was not to be mentioned during trial unless he testified. He did not testify. The prosecutor warned his witnesses not to mention the defendant's criminal history, but Boarder Patrol Agent Juan Torres referred to the existence of a "criminal record" when he was testifying about checking Mr. Martinez-Simental's immigration status in a database. Defense counsel immediately objected and requested a mistrial. The district court denied the motion but gave a curative instruction. Defense counsel objected to the instruction as reemphasizing the fact that Mr. Martinez-Simental had a criminal record, but she did not object to the specific language in the instruction. The oral instruction told the jury that Agent Torres had "testified that [the database] indicated the defendant had a criminal record. He did not testify what type of crime [was] identified, a simple traffic violation or something else." Rec., vol. III, at 47. The court instructed the jury "to disregard the testimony" and "not to consider that testimony in any way in reaching a verdict in this case." *Id.* With defense counsel's consent, the district court gave a similar instruction at the end of trial.

On appeal, Mr. Martinez-Simental contends the district court erred in denying his request for a mistrial. He argues he is entitled to a new trial because the statements during trial concerning his criminal record were so prejudicial that

the verdict cannot be regarded as the result of a fair trial.

"We review a district court's refusal to grant a mistrial for abuse of discretion." *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004). "The district court has discretion to grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired." *Id.* Where, as here, a prosecutor asked a question and his witness answered in an improper way, we evaluate "(1) whether the prosecutor acted in bad faith, (2) whether the district court limited the effect of the improper statement through its instructions to the jury, and (3) whether the improper remark was inconsequential in light of the other evidence of the defendant's guilt." *Id.* In conducting our evaluation, we are mindful that the district court "is in the best position to evaluate the effect of the offending evidence on the jury." *Id.* (internal quotation marks omitted).

Evaluating these factors, we conclude the district court was well within its discretion in denying Mr. Martinez-Semintal's motion for a mistrial. First, there is no allegation the prosecutor acted in bad faith; on the contrary, the record indicates the prosecutor acted in good faith by cautioning his witnesses not to mention the defendant's criminal history. Second, the district court immediately instructed the jury to disregard Agent Torres's statement, using language approved by defense counsel. Finally, and most significantly, the evidence of guilt in this case was overwhelming. On June 2, 2009, the date charged in the indictment, Boarder Patrol agents found Mr. Martinez-Simental on a freight train

-3-

in New Mexico, hiding in the back of a coal car. Mr. Martinez-Simental admitted he was a Mexican citizen and had no papers authorizing him to be in the United States. Immigration and law enforcement records indicated he had no legal status in the United States and that he previously had been deported from the United States to Mexico. Thus, there was ample evidence to support his conviction for illegal reentry. Given the strength of the evidence, Agent Torres's statement regarding Mr. Martinez-Simental's criminal record was inconsequential to the verdict. The district court did not abuse its discretion when it refused to order a mistrial.

Moreover, even assuming the district court erred in deciding to give limiting instructions rather than grant a mistrial, the error was harmless. A non-constitutional error, defect, or irregularity is "harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). Given the overwhelming evidence of guilt in this case, the statements concerning Mr. Martinez-Semintal's criminal history – whether by Agent Torres or by the court in its instructions – could not have substantially affected the jury's verdict.

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge